### JOSEPHINE PALUMBO
*vs.*
### F. W. WOOLWORTH CO.

Superior Court          New Haven County          File No. 57598

MEMORANDUM FILED MARCH 5, 1940.

*John Henry Sheehan,* of New Haven, for the Plaintiff.

*Francis J. Moran,* of New Haven; *Woodhouse & Schofield,* of Hartford, for the Defendant.

SIMPSON, J.   This is an action for breach of warranty. The plaintiff on the morning of November 5, 1938, went to the store of the defendant and told a sales clerk she wanted cream to put around her eyes to keep the skin soft. The clerk thereupon handed her a tube of "Maybelline" for which the plain-

tiff paid ten cents. On the tube were printed the words "For Skin Around the Eyes" and the following: "The fine, blended oils of this special eye cream, gently patted into the skin around the eyes each night, are highly beneficial in aiding to counteract dry condition's that cause crows feet, laugh lines and wrinkles. Smooths, softens and helps to preserve youthful texture of the skin around the eyes. Apply regularly every night."

She applied the cream that night around her eyes and over the bridge of her nose. She awakened sometime after 12 o'clock midnight and found the eyelids swollen and went to the emergency room of the New Haven Hospital where her eyes were irrigated and eyelids treated. She saw her own doctor the next day. The condition cleared up in four days, but there was a recurring swelling about once a month for about a year. Her condition was diagnosed as "dermatitis."

It is alleged in her complaint that the defendant warranted the cream to be in all respects fit and proper for the uses stated on the label, that it was not fit for use and caused the swelling around plaintiff's eyes. Having made these allegations, the burden was upon her to prove them, in so far as they are material.

No analysis of the cream was ever made. In fact it was conceded at the outset of the trial as the court understood, that the cream contained no deleterious substances. Afterward the plaintiff's attorney claimed he only intended to concede that he did not know whether or not the cream contained any deleterious substances. At any rate no attempt was made to prove that the cream contained any substance injurious to the skin, and of course, the court does not know whether or not it did.

The physician who attended the plaintiff, frankly stated on the witness stand that he did not know what caused the dermatitis. It is true he stated that in his opinion the cream caused it. But he subsequently said that not knowing the composition of the ointment or whether the plaintiff was allergic to something in the cream, he could not say whether the cream caused the dermatitis or not.

Dr. Mason, who treated the plaintiff at the hospital, was not called as a witness, but on the hospital record which was offered in evidence by the plaintiff, he made a note that she had "ecchymosis of the lower lids, swelling of both lids, a slight subcutaneous redness present, as if some irritant in the medicine

caused the irritation." The irritation "could have been done by 1, menthol; 2, camphor; 3, alkaline substances." It is not known whether any of these substances were in the cream. It is a matter of common knowledge, however, that soap contains an "alkaline substance", and it is not beyond a reasonable probability that plaintiff supplied alkaline substance when washing her face.

On this state of facts the court cannot find that the cream was not reasonable suitable or fit for the purpose for which it was sold, when used as directed.

Nor am I able to find that the cream or anything in it was the cause of the dermatitis. "When an event is followed in natural sequence by a result it is adapted to produce, or aid in producing, that result is a consequence of the event, and the event is the cause of the result." *Monroe vs. Hartford Street Railway Co.*, 76 Conn. 201, 207.

There is no testimony that the cream contained any ingredient which was likely to produce or aid in producing the dermatitis. Whether there was such an ingredient is a chemical question and one in regard to which the plaintiff, upon the allegations of the complaint, should have offered some proof. In the absence of such testimony, it cannot be found there was an ingredient in the cream which was likely to produce or aid in producing the condition around the plaintiff's eyes.

Judgment for defendant.